# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CORTNEY ALAN SCOTT, <br><br> Plaintiff, <br><br> v. <br><br> DOC SORP ADMINISTRATION, ALICIA KORT, and REBECCA MAHIN, <br><br> Defendants. | Case No. 23-CV-777-JPS <br><br><br> **ORDER** |

On June 14, 2023, Plaintiff Cortney Alan Scott ("Plaintiff"), proceeding pro se, filed a complaint in this matter together with a motion for leave to proceed without prepaying the filing fee. ECF Nos. 1, 2. The Court denied without prejudice Plaintiff's motion for leave to proceed without prepaying the filing fee, allotting Plaintiff fourteen days to renew such a motion. ECF No. 4. Plaintiff timely filed a new motion, together with an amended complaint, which removes two previously-named defendants and adds a new defendant. ECF Nos. 5, 6. This Order considers both of Plaintiff's filings but concludes that the case must be stayed at this time, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

The amended complaint, which supersedes the original complaint, *see Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998), is light on factual allegations, but the Court discerns the following. Plaintiff names as Defendants (1) the Wisconsin Department of Corrections Sex Offender Registry Program ("DOC SORP"), (2) Alicia Kort ("Kort"), "acting in her official capacity as Assistant District Attorney," and (3) Rebecca Mahin ("Mahin"), "acting in her official capacity

as DOC-SORP Specialist." ECF No. 5 at 2. Plaintiff states that on January 3, 2020, Kort and Mahin "electronically sign[ed]" a criminal complaint charging Plaintiff with violating Wisconsin sex offender registration requirements. *Id.* (citing Wis. Stat. § 301.45(6)(a)1, which provides that a person who fails to register as required in statute "is guilty of a Class H felony"). Plaintiff further states that warrants issued pursuant to the criminal complaint, and he was subsequently arrested on April 25, 2020 and later detained on September 12, 2022. *Id.* at 3.

Plaintiff pleads that these events violated his constitutional rights to due process, equal protection of the laws, and not to be subject to double jeopardy (though he does not allege facts explaining exactly *how* or *why* he believes these events are unconstitutional). *Id.* at 2. Plaintiff seeks both injunctive relief and damages. *Id.* at 4 (seeking, inter alia, "temporary injunction against the Defendants stopping them from inflicting any further or similar injuries").

The amended complaint presents a number of issues[1] that preclude Plaintiff from proceeding in this forum, at least for now. The most

---

[1] Three additional problems are apparent from the face of the complaint. First, Plaintiff is attempting to sue an entity (DOC SORP) which is a state agency entitled to sovereign immunity. *Arndt v. Wis. Dep't of Corr.*, 972 F. Supp. 475, 477 (W.D. Wis. 1996) (noting that state department of corrections is generally immune from federal lawsuit). Second, he is attempting to sue an assistant district attorney in her official capacity (Kort), who is likely entitled to prosecutorial immunity. *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)). Third, given the age of Plaintiff's state criminal case, his complaint may be time-barred. *But see Wallace v. Kato*, 549 U.S. 384, 391 (2007) ("We conclude that the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial."); *see also State v. Scott*, docket entry dated Oct. 18, 2022 (binding over Plaintiff for trial after his

significant of these issues is that Plaintiff appears to challenge an ongoing state criminal proceeding. *See State of Wis. v. Cortney Allen Scott*, Milwaukee County Circuit Court Case No. 2020CF0002023, *available at* https://wcca.wicourts.gov (charging Plaintiff with violating Wis. Stat. § 301.45(6)(a)1) (hereinafter *State v. Scott*).[2] That case is ongoing, with the most recent docket entry dated July 13, 2023. *Id.* Indeed, it appears Plaintiff made the state court aware of the instant case by moving to stay the state matter while this one is pending. *See id.*, docket entry dated April 18, 2023.[3]

"[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions," as a matter of "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 45–46 (1971). "The *Younger* doctrine requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt

---

September 2022 detention). Lastly, in the event that Petitioner is convicted, this action will likely be barred by *Heck v. Humphrey*, 512 U.S. 477, 488 (1994) (when a litigant "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). *See, e.g., Kitterman v. Newton,* 721 F. App'x 522, 523 (7th Cir. 2018) (district court properly dismissed plaintiff's 42 U.S.C. § 1983 action pursuant to *Heck* because "any ruling that defendants violated [registrant's] rights by wrongly . . . enforcing his [sex offender] registration requirement would necessarily imply that he should not have been convicted and imprisoned for failing to register").

[2] The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[3] The docket also confirms, consistent with Plaintiff's complaint, that he was arrested on April 25, 2020, and after his initial appearance, was released on bond, subject to supervision. *See State v. Scott*, docket entries dated April 25 and 26, 2020. He was again arrested on September 16, 2022 and subsequently released on bond, subject to supervision. *See id.*, docket entries dated September 16, 20, and 27, 2022.

ongoing state proceedings." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (citing *FreeEats.com, Inc. v. Ind.*, 502 F.3d 590, 595 (7th Cir. 2007)). "There are three exceptions to the rule requiring abstention: (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 799 (N.D. Ill. 2014).

This case presents a textbook *Younger* abstention situation: Plaintiff is asking a federal court to intervene in his ongoing state criminal prosecution. The Court will not do so. None of the articulated exceptions to *Younger* abstention apply. The bad-faith exception is a high bar: while Plaintiff may not like the fact that he is subject to prosecution, he has made no allegations from which the Court could infer that the prosecution is brought in bad faith or for the purpose of harassment. "The mere continuation of the case against [Plaintiff] . . . does not constitute harassment, let alone harassment for *Younger* purposes." *Id.* at 799–800 (citing *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811 (7th Cir. 2014), where "the county election board was set to invoke a law against a candidate, despite the fact that it had been ruled unconstitutional in another proceeding against the board itself," as an example of the bad-faith exception, but even then a "close call").

Likewise, the Court sees no "extraordinarily pressing need for immediate equitable relief" because Plaintiff has not shown he "has no forum to address" the alleged constitutional violations. *Id.* There is no reason to believe that he is not able to litigate these constitutional challenges during the state proceeding nor any reason to believe that the state court is

unable to resolve the federal questions presented. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) ("So long as those challenges relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand."). To the contrary, the fact that the state court has entertained a number of motions to dismiss by Plaintiff demonstrates that he is receiving a fair shake. *See State v. Scott*, docket entries dated April 26, 2020; May 6, 2020; February 24, 2023; June 15, 2023.

Finally, though Plaintiff does not specify the nature of the failure to register that triggered his prosecution under Wis. Stat. § 301.45(6)(a)1, the Court cannot at this time conclude that the relevant statutory scheme is flagrantly unconstitutional. *See, e.g.*, *Hope v. Comm'r of Ind. Dep't of Corr.*, 66 F.4th 647, 651 (7th Cir. 2023) (upholding Indiana sex offender registration requirement against equal protection challenge); *Murphy v. Rychlowski*, 868 F.3d 561, 565 (7th Cir. 2017) (rejecting due process challenge to Wisconsin sex offender registration requirement triggered solely by defendant's prior sex offense conviction); *Steward v. Folz*, 190 F. App'x 476, 479–80 (rejecting litigant's double jeopardy challenge his Indiana prosecution for failure to comply with sex offender registration requirements).

Accordingly, the Court concludes it must abstain from hearing this case at this time. One important caveat to the *Younger* doctrine is that where a litigant requests monetary damages, which are "not available to him in his defense of criminal charges," "because his claims may become time-barred by the time the state prosecution has concluded, the district court should . . . stay[] rather than dismiss[]" the proceeding. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). This is just such a case.

Accordingly, the Court will implement a stay on this federal action pending disposition of Plaintiff's state criminal case. If Plaintiff wishes to reopen this matter when his state criminal case, including any appeals, concludes, he may seek to do so via notice filed in writing on the docket. Any such notice must be filed within **thirty (30) days** of the conclusion of the state criminal case; if Plaintiff does not file a notice within that timeframe, this case will be dismissed without prejudice. The Court will direct that the file in this case be administratively closed in the meantime.

The Court further notes that, should this matter be reopened, at that time Plaintiff will be directed to further amend his complaint to address the deficiencies identified *supra* note 1 and to add factual allegations sufficient to put any defendant(s) on notice of their alleged wrongdoing. The Court will defer addressing Plaintiff's motion for leave to proceed without prepayment of the filing fee, because considering such a motion requires the Court to assess both Plaintiff's indigency as well as whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). The Court is currently unable make either assessment based on the submissions as written.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **STAYED** pending resolution of Plaintiff's state criminal case, Milwaukee County Circuit Court Case No. 2020CF0002023;

**IT IS FURTHER ORDERED** that, should Plaintiff seek to reopen this matter upon conclusion of his state criminal case, he must file a notice of his intent to do so within **thirty (30) days** of the conclusion of the state

criminal case, including any appeals; failure to timely file such notice will result in dismissal of this case without prejudice; and

**IT IS FURTHER ORDERED** that this action be and the same is **ADMINISTRATIVELY CLOSED** upon entry of this Order.

Dated at Milwaukee, Wisconsin, this 26th day of July, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.